**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Haller, et al., | No. CV-20-01606-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Auto-Owners Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion to Extend Time to Amend Pleadings, Motion to Amend the Complaint, and Motion to Remand. (Doc. 24.) For the following reasons, the Motion is denied.

### BACKGROUND

Plaintiffs John and Linda Haller purchased home insurance from Defendant Auto-Owners Insurance Company. After Defendant declined to cover a water loss, Plaintiffs filed suit on July 14, 2020. (Doc. 1-1 at 10.) Defendant removed the case to this Court on August 14, 2020. (Doc. 1.) Shortly thereafter, on November 6, 2020, the Court entered a Case Management Order setting a 60-day deadline for joining parties, amending pleadings, and filing supplemental pleadings. (Doc. 13 at 1.) On April 29, 2021 Plaintiffs filed the instant motion to amend. Plaintiff intends to amend the complaint to bring a negligence claim against the insured's broker, Adams Agency, LLC.

## DISCUSSION

### I. Motion to Amend

#### a. Legal Standard

Where a scheduling order is in place, Rule 16(b) of the Federal Rules of Civil Procedure controls. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the party seeking to amend] was not diligent, the inquiry should end." *Id.*

#### b. Analysis

In this case, the Court's Case Management Order entered on November 6, 2020 specified that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60 days from the date of this Order." (Doc. 13 at 1.) Plaintiffs have not demonstrated diligence in seeking to amend their complaint and seeking to discover the facts on which they now claim justify amendment. Plaintiffs' new claim is based on the allegation that their loss would have been covered had the sales agent sold them a "Homeowners Plus" endorsement. They assert that they did not learn that the sales agent failed to procure this endorsement, however, until shortly before the discovery deadline. But Plaintiffs produced the coverage application in their initial disclosure, and it included an unchecked "Homeowners Plus" endorsement. (Doc. 26-3.) They further listed agent Tonna Rogers and the Adams Insurance Agency in their initial disclosure, explaining that they were "expected to testify regarding the sale of the policy to Plaintiffs." *Id.* at 3. Plaintiffs thus had this information which they could have pursued in early November. Therefore, because Plaintiffs have failed to demonstrate diligence or good cause, this Court

will not amend its Scheduling Order to permit late amendment to the complaint.

## II. Dismissal Without Prejudice

### a. Legal Standard

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. "Uncertainty because a dispute remains unresolved" or "the threat of future litigation" do not constitute plain legal prejudice. *Id.* Nor is plain legal prejudice established by a showing that the defendant has already begun trial preparations. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145–46 (9th Cir. 1982). Furthermore, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." *Id.*

Nonetheless, district courts retain the discretion to condition a dismissal without prejudice upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). If a district court decides it should condition dismissal on the payment of costs and attorney's fees, the defendant should be awarded attorney fees for work which cannot be used in any future litigation of these claims. *Id.*

### b. Analysis

Here, Plaintiffs' Motion for Dismissal Without Prejudice is "contingent on a ruling against any attorney fees and that any costs award is limited to the Defendant's federal filing fee." (Doc. 24.) The Court is disinclined to accept this contingency. As Plaintiffs have requested that their motion be contingent on such a finding, their Motion to Dismiss Without Prejudice is denied.

**III.     Motion to Remand**

     **a. Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

One way a district court may have removal jurisdiction is if the plaintiff and defendant are citizens of different states and the "matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where it is unclear from the face of the complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

A defendant must point to "the underlying facts supporting its assertion that" the amount-in-controversy requirement is met. *Gaus*, 980 F.2d at 567 (emphasis in original). Therefore, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Defendant may submit "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of the removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotations omitted). Such evidence may include a settlement letter or a judicial admission by the plaintiff. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer v. State Farm Mut. Auto. Ins. Co.*,

116 F.3d 373, 376 (9th Cir. 1997) (accepting a plaintiff's judicial admission as evidence of the amount in controversy).

### b. Analysis

Here, Plaintiffs have not demanded a dollar amount in their complaint. Accordingly, it is Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 376. Defendant alleges that Plaintiffs seek a contracts award that could be in excess of $64,000, (Doc. 25-1). In addition to Plaintiffs' contract claim, however, they have also asserted the tort of bad faith, for which they have sought general and punitive damages. Combined with the reasonable attorneys' fees that would accompany such claims, the Court finds that the amount in controversy at the inception of this matter is above $75,000. Indeed, there is also evidence that Plaintiffs initially demanded more than $75,000 in mediation. *See Cohn*, 281 F.3d at 840 ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). The Court thus declines to remand this matter based on the amount in controversy requirement.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend Time to Amend Pleadings, Motion to Amend the Complaint, and Motion to Remand, (Doc. 24), is **DENIED**.

Dated this 24th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge